IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM C. TUCKER, | § | |
| | § | No. 309, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1001009646 |
| Appellee. | § | |

Submitted: July 29, 2014
Decided: September 25, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 25th day of September 2014, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) On July 19, 2010, the appellant, Williams C. Tucker, pled guilty to Delivery of a Narcotic Schedule II Controlled Substance and was sentenced to ten years at Level V suspended for twelve months at Level III. On June 15, 2011, the Superior Court found Tucker guilty of a violation of probation ("VOP") and sentenced him to ten years at Level V, suspended after six months for Level V Boot Camp, suspended after successful

completion, for four months at Level IV followed by eighteen months at Level III. On July 25, 2012, the Superior Court reviewed Tucker's sentence, vacated the June 15, 2011 sentence order and resentenced him to eight years, ten months and ten days at Level V, suspended after two years for Level IV work release, suspended after nine months for twelve months at Level III.

(2) On May 12, 2014, Tucker was charged with a Level IV program violation after he admitted to punching another offender in the face. On May 21, 2014, the Superior Court found Tucker guilty of VOP and modified the probationary portion of his sentence to include ninety days at Level V or Level IV VOP Center followed by nine months at Level IV work release and twelve months at Level III probation. This appeal followed.

(3) On appeal, Tucker challenges the sentence imposed on May 21, 2014, claiming that the Superior Court failed to follow the sentencing recommendation made by his probation officer at the VOP hearing.[1] Tucker's claim is without merit. The Superior Court is not obligated to follow a sentencing recommendation made by a probation officer.[2]

---

[1] Tucker did not order a transcript of the VOP hearing for the appeal. Without a transcript, it is impossible to know what the probation officer recommended at the hearing. The sentence imposed is consistent with the probation officer's recommendation in the written violation report included in the record.

[2] *Cruz v. State*, 990 A.2d 409, 417 (Del. 2010).

2

(4)    This Court's appellate review of a sentence generally is limited to whether the sentence exceeds the statutory limits.[3]  For a VOP, the Superior Court has the statutory authority to require a defendant to serve the entire balance of any Level V sentence that was suspended for probation, or any lesser sentence.[4]  In this case, it is clear from the record that the ninety-day sentence imposed on May 21, 2014 was properly within statutory limits.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[3] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

[4] 11 *Del. C.* § 4334(c).

3