IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TANASIA MILLIGAN, | § | |
| | § | No. 305, 2016 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | ID No. 1410010119 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: December 14, 2016
Decided: January 3, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

# O R D E R

On this 3rd day of January 2017, it appears to the Court that:

1. Appellant, Tanasia Milligan, appeals a Superior Court order sentencing her to twenty-five years at Level V, suspended after twenty years for two years at Level IV supervision, suspended after six months for Level III supervision for her conviction of Murder by Abuse or Neglect in the Second Degree.[1] Milligan makes one claim on appeal. She contends that the trial court abused its discretion by sentencing her with a closed mind, by failing to consider mitigating evidence and

---

[1] 11 *Del. C.* § 633.

similar cases where the sentenced imposed was less than fifteen years, and by failing to enumerate any aggravating factors.

2. On August 8, 2014 at 2:24 a.m., police received an emergency call about an unresponsive child at the Budget Motor Lodge in New Castle. When the first medical responders arrived at the scene five minutes later, another resident of the motel was performing CPR on the four-year-old girl. Milligan, the girl's mother, Milligan's boyfriend, Willie Reeder, and Milligan's five-year-old son were also in the room. The medical first responders then took over life saving attempts. They noticed that the child was cool to the touch, and upon attempting to intubate her, they noticed her jaw had started to stiffen. They also noticed bruising on her abdomen. The child was pronounced dead at 2:45 a.m.

3. The medical examiner determined that the child suffered blunt force trauma to the abdomen which caused her bowel to perforate against her spine and her gastrointestinal cavity to fill with fecal matter. The medical examiner also noted bruising on the child's scalp and right leg. The medical examiner estimated that the injuries had been inflicted within two to three days of the child's death.

4. According to Milligan and Reeder, the child had been exhibiting symptoms of the stomach flu for two-and-a-half days. She was unable to eat or keep fluids down and vomited numerous times. Milligan and Reeder purchased several over-the-

counter medications on two separate occasions the day before the child's death, but did not seek medical treatment for the child until the emergency call. The couple performed several Google searches of the child's symptoms on Reeder's phone, which they both shared. The first search was for "vomiting blood" and occurred approximately twelve hours before emergency services were called. In total, twelve Google searches were conducted regarding the child's symptoms and several of those searches, including the first search, resulted in a recommendation to seek immediate medical attention.

5. On January 20, 2015, Milligan was charged with two counts of Murder by Abuse or Neglect in the First Degree and two counts of Endangering the Welfare of a Child. She entered pleas of not guilty and a jury trial was scheduled for February 8, 2016. At a case review on October 2, 2015, Milligan pled guilty to one count of Murder by Abuse or Neglect in the Second Degree. As mentioned, she was sentenced to twenty years of unsuspended Level V time. This appeal followed.

6. This Court reviews the sentencing of a criminal defendant for an abuse of discretion.[2] "Appellate review of a sentence generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature."[3] "Where the

[2] *Hickman v. State*, 2014 WL 4463142, at *2 (Del. Sept. 10, 2014).
[3] *Fink v. State*, 817 A.2d 781, 790 (Del. 2003).

3

sentence falls within the statutory limits, we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[4] "A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant."[5]

7. Milligan's claim is without merit. Milligan asserts that the court below abused its discretion by failing to consider mitigating evidence, disregarding similar cases where the defendants received relatively shorter sentences, and by failing to enumerate any aggravating factors. Milligan faced a minimum of ten years[6] at Level V and a maximum sentence of twenty-five years at Level V.[7] Thus, her sentence is within the statutory range and our review is limited to whether the trial court sentenced her with a "closed mind."[8] Milligan does not contend that the trial court relied on any impermissible or false information.

8. The record does not demonstrate that the trial court sentenced Milligan with a closed mind. "The judge must have an open mind for receiving all information related to the question of mitigation."[9] Both the State and the defense submitted

---

[4] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[5] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[6] 11 *Del. C.* § 633(d).
[7] 11 *Del. C.* § 4205(b)(2).
[8] *Fink*, 817 A.2d at 790.
[9] *Weston*, 832 A.2d at 746.

sentencing memoranda to the trial court. Milligan's memorandum noted her history of mental illness, suicide attempts, substance abuse, and her turbulent relationship with Reeder. Milligan also submitted a mitigation report and a psychiatric report for the court's consideration.

9. During Milligan's sentencing hearing, the court heard from the guardian ad litem for Milligan's son, the State, Milligan's attorney, two of Milligan's sisters, and Milligan herself. The judge asked thoughtful questions throughout the hearing, demonstrating familiarity with Milligan's and the State's sentencing memoranda. The judge asked about Milligan's past suicide attempts and her medical history. He also noted that Milligan turned down help with the children offered by her family, and at one point her family contacted the Division of Family services regarding her children. Additionally, the court addressed the fact that Milligan did not pursue medical attention for her daughter after a woman at the motel, who had nursing experience or training, urged her to go to the emergency room.

10. The record indicates that the judge considered both "the nature of the case and the character of the defendant"[10] when he sentenced Milligan to the maximum time permitted under § 4205(b)(2), suspended after twenty years. The court observed

---

[10] *Weston*, 832 A.2d at 746.

that "[t]his was a mother watching her daughter die a prolonged, agonizing death."[11] The judge did not sentence Milligan with a closed mind.

11. In addition, the court below did not abuse its discretion when it failed to consider the sentences imposed in two cases offered by the defendant at her sentencing hearing as "analogous" cases. The judge was not familiar with these cases apart from what he was told about them at the sentencing hearing.[12] Therefore, because he was not familiar with the factual similarities and differences between those cases and the case before him, he was within his discretion not to consider the sentences imposed in those cases when determining Milligan's sentence.

12. Finally, Milligan's claim regarding failure to enumerate aggravators under the SENTAC guidelines lacks merit. As we stated in *Mayes v. State*, "[i]t is established Delaware law that a defendant has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform to the sentencing guidelines established by the Sentencing Accountability Commission."[13]

---

[11] App. to Opening Br. at 55.

[12] The judge was informed that the two cases also involved charges of Murder by Abuse or Neglect in the Second Degree where children died of inflicted injuries after no medical attention was sought. App. to Opening Br. at 49. The defendants in those cases each received sentences of less than fifteen years. *Id.*. However, the judge was not familiar with the specific facts of those cases including, for example, how the injuries were inflicted or how long the children went without medical attention after the defendant was aware of the injuries. *Id.*

[13] 604 A.2d 839, 845 (Del. 1992).

6

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice