**Leroy GAINES, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Feb. 21, 1990.
Decided: March 14, 1990.

---

E. Stephen Callaway, Asst. Public Defender, Office of Public Defender, Georgetown, for appellant.

James W. Adkins, Deputy Atty. Gen., Dept. of Justice, Georgetown, for appellee.

Before MOORE, WALSH and HOLLAND, JJ.

**PER CURIAM:**

The defendant, Leroy Gaines ("Gaines"), was tried and convicted in a bench trial in the Superior Court on charges of Burglary Second Degree (two counts), Felony Theft (two counts), and Criminal Mischief. The trial court sentenced Gaines to a period of incarceration at Level V for five years on each of the burglary convictions, to a period of two years at Level V on each of the felony theft convictions, and to a period of six months at Level V on the criminal mischief conviction. The total sentence imposed was fourteen years and six months, but after Gaines served twelve years and six months, the balance of the sentence was suspended for three years probation at Level II. In addition, the court ordered the defendant to make restitution to the victims, in an amount to be determined by the Presentence Officer.

■ Approximately six months after sentencing, Gaines filed a motion in Superior Court for sentence reduction, which was denied by Judge William Swain Lee.[1] Gaines has appealed the denial, arguing that the sentence imposed was not consistent with the sentencing standards recommended by the Sentencing Accountability Commission ("SENTAC"), even though the sentence was far below the maximum sentence authorized by statute. Gaines contends that his lack of a prior criminal record necessitates a minimal sentence under the SENTAC guidelines. The sentencing judge gave careful consideration to SENTAC guidelines and to the State's and Gaines' positions before imposing a sentence greater than recommended by the guidelines. The sentence imposed was well within his discretion. "Appellate review of a sentence generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature." *Ward v. State*, Del.Supr., 567 A.2d 1296 (1989) (citing *Seeney v. State*, Del.Supr., 211 A.2d 908 (1965)). Under the circumstances, the fact that the trial court's sentences exceeded those recommended by the

---

1. After sentencing Gaines, and prior to the hearing on the motion for sentence reduction, the sentencing judge, Judge William B. Chandler, III, was appointed to the Court of Chancery. As a result, Gaines' motion for sentence reduction was heard by Judge Lee.

SENTAC guidelines provides no basis for appeal. *Id.*

Although we conclude that there is no basis for review of Gaines' motion, we note that in denying the motion, Judge Lee stated "I have ... discussed with Judge Chandler the reasoning behind the sentence imposed by him." While this conversation was not cited as a basis for this appeal, reliance on undisclosed private conversations in determining a motion for sentence reduction cannot be condoned. Because we hold that a sentence exceeding SENTAC guidelines but within the maximum allowed by statute does not give rise to a legal or constitutional right of appeal, the judges' undisclosed private communication in this case constitutes harmless error. However, information considered in ruling on motions for sentence reduction should be limited to matters disclosed on the record. Moreover, as a matter of policy, applications for sentence reductions should be considered by the sentencing judge. If that judge has assumed another judicial position within the State judiciary, he should be specially assigned to consider the sentence reduction application.

Gaines also argues that the Superior Court's amended sentencing order of August 16, 1988,[2] which ordered restitution to one victim, Lorelle Weidlein, in the amount of $15,241.02 and to the other victim, Marie Workman, in the amount of $1,603.00, is defective on its face. The dollar values incorporated into the amended order were based upon a restitution memorandum prepared by the Superior Court Presentence Office that determined the figures on the basis of an investigation and victim loss statements submitted by Weidlein and Workman. The issue of restitution was not presented to the Superior Court in Gaines' motion for sentence reduction. Accordingly, the claim that the amount of restitution was improperly calculated may not be raised for the first time on appeal. Supreme Court Rule 8; *see also*

*Robinson v. Meding*, Del.Supr., 163 A.2d 272 (1960).

AFFIRMED.

---

**2.** The amended sentencing order is dated April 27, 1988, which is the same date as the original sentencing order. However, according to the Superior Court docket entries, the amended order was entered on August 16, 1988. It appears that the date on the amended order is therefore incorrect and that it should be August 16, 1988.