# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
v. ) ID No. 1507008924
)
)
WILLIAM A. BURROWS, )
)
Defendant. )

Submitted: February 27, 2017
Decided:  May 18, 2017

Upon Defendant's Motion for Postconviction Relief
**SUMMARILY DISMISSED.**

Upon Defendant's Motion for Appointment of Counsel
**DENIED.**

## ORDER

William A. Burrows, *pro se*, Wilmington, DE.

John Downs, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorney for the State.

WHARTON, J.

This 16th day of May, 2017, upon consideration of Defendant's timely first Motion for Post-conviction Relief, Motion for Appointment of Counsel, and the record in this matter, it appears to the Court that:

1.    Defendant William A. Burrows ("Burrows") pled guilty on March 7, 2016 to the charges of Sexual Solicitation of a Child and Rape Fourth Degree.[1] A pre-sentence investigation was ordered.[2] On April 29, 2016, this Court sentenced him to 25 years of incarceration, suspended after 10 years on the Sexual Solicitation of a Child charge and 15 of incarceration years suspended after 5 years on the Rape Fourth Degree charge, followed by decreasing levels of supervision.[3] When he committed the offenses, Burrows was 39 years old and his victim was 15. On July 18, 2017, Burrows sought a sentence modification under Superior Court Criminal Rule 35, which the Court denied on August 1, 2017.[4] Burrows did not appeal either his sentence or the denial of his sentence modification motion to the Delaware Supreme Court. He then filed a Motion for Postconviction Relief ("Motion") on January 6, 2017, along with a Motion for Appointment of Counsel both of which were rejected because the Motion was not signed by Burrows under penalty of perjury as required by Superior Court Criminal Rule 61.[5] He then re-filed the

---

[1] D.I. 11.
[2] *Id.*
[3] D.I. 14.
[4] D.I. 15, 16.
[5] D.I. 17.

2

motions on February 27, 2017.[6] Thus, the Motion is a timely first postconviction relief motion.[7]

2. The Motion is unusual in that it does not allege ineffective assistance of counsel. In fact, Burrows praises his court appointed attorney.[8] Instead, the Motion raises two interrelated claims: (1) the Court engaged in judicial misconduct and; 2) the Court imposed excessive sentences outside of the sentencing guidelines.[9] According to Burrows the Court's judicial misconduct consisted of imposing excessive sentences despite the Court being aware of information that the victim had substantial mental health issues that antedated her involvement with him. In effect, Burrows accuses the Court of blaming him for the victim's pre-existing mental health issues and sentencing him as though he had caused them. In his second claim, Burrows alleges that the Court exceeded the sentencing guidelines because it engaged in the misconduct alleged in the first claim.

3. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[10] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[11]

---

[6] D.I. 18.
[7] Super. Ct. Crim. R. 61(i)(1).
[8] *See* Memorandum of Law, attached to the Motion. D.I. 18.
[9] *Id.*
[10] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[11] *Id.*

3

4. Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[12] A second or subsequent motion is considered successive and therefore barred unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction ... invalid."[13] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[14] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[15]

5. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the

---

[12] Super. Ct. Crim. R. 61(i)(1).
[13] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[14] Super. Ct. Crim. R. 61(i)(3).
[15] Super. Ct. Crim. R. 61(i)(4).

movant is not entitled to relief.[16] Here, after careful review of the Motion and the transcript of the sentencing hearing, it is plainly apparent that Burrows is not entitled to relief and summary dismissal is appropriate.

6. Burrows did not take a direct appeal from the Court's sentence, although the issues he raises in the Motion could have been raised on direct appeal. Moreover, since these issues were "not asserted in the proceedings leading to the judgment of conviction," they are barred as procedurally defaulted unless Burrows shows "cause for relief from the procedural default" and "prejudice from [the] violation of [his] rights."[17] Burrows attempts to overcome the bar by claiming that the "[i]ssues raised are only raised on collateral attack in Delaware."[18] Burrows is wrong. There is no prohibition on raising sentencing issues on direct appeal. Because Burrows has failed to overcome the procedural default bar of Rule 61(i)(3), his Motion is barred.

7. Nevertheless, because the Motion accuses the Court of judicial misconduct, the Court wishes to address the Motion further. "It is established Delaware law that a defendant has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform to the sentencing guidelines established by the Sentencing Accountability

---

[16] Super. Ct. Crim. R. 61(d)(5).
[17] Super. Ct. Crim. R. 61(i)(3).
[18] D.I. 18 at 3.

5

Commission."[19] "Appellate review of a sentence is limited to whether the sentence is within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates which are false, impermissible or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[20] "A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant."[21] There is no claim that the sentence exceeded the statutory guidelines. Thus, there is no basis to challenge the Court's sentence on that ground. Rather, Burrows takes issue with the Court's explanation of its reasons for imposing a sentence outside of the guidelines. Apparently, Burrows mistakenly believes that the Court was under the impression that he caused the victim's mental health problems, when in reality, those problems pre-existed Burrows involvement with her. The Court was under no such impression. The Court explained that it was sentencing Burrows outside of the guidelines because of vulnerability of the victim and the extreme manipulativeness of the defendant. The Court told Burrows that, instead of mitigating the seriousness of the offense, the victim's issues "aggravate it because you knew that she was having difficulties, that she was 14 and 15 years old, and nonetheless, you pursued this course for a year.[22] Continuing, the Court

---

[19] *Mayes v. State,* 604 A.2d 839, 845 (Del. 1992), citing *Gaines v. State,* 571 A.2d 765 (Del. 1990).

[20] *Cruz v. State,* 990 A.2d 409, 416 (Del. 2010), citing *Weston v. State,* 832 A.2d 742, 746 (Del. 2003).

[21] *Id.*

[22] Tr. Sent. Hr'g, Apr. 29, 2016, at 14.

told Burrows, "And that you did have sexual contact with a minor, knowing that she had all of these issues going on in her life. So, you have exacerbated them. You have made them worse."[23] Finally, the Gouty explained why it was sentencing Burrows outside of the Sentencing Accountability Commission guidelines.

> This sentence is outside of the guidelines, and I am doing that because of the vulnerability of the victim. The extreme persistent measures you took to commit the crime, the manipulativeness you used to commit the crime against a vulnerable victim, the fact that you travelled 700 miles to commit the crime, and all of those things indicate that you are a very dangerous person, so that incarceration outweighs any other mitigating factors.[24]

8. As noted by the Court, Burrows sentence was predicated on the nature of the offense and the character of the defendant. The sentence, while outside of the guidelines, was within the statutorily permissible range, and the reasons for exceeding the guidelines were clearly stated on the record. Burrows' failure to recognize that a 39 year old man who travels 700 miles to have sex with a troubled 15 year old presents an extreme danger to society merely confirms the propriety of the Court's sentence.

Therefore, Defendant's Motion for Postconviction is **SUMMARILY**

---

[23] *Id.* at 15.
[24] *Id.* at 17-18.

**DISMISSED.** Defendant's Motion for appointment of Counsel is **DENIED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc:   Prothonotary
cc:   Investigative Services

8