IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VICTOR HACKETT, | § | |
| | § | |
| Defendant Below, | § | No. 200, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N0609019128 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 23, 2019
Decided: October 16, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Victor Hackett, appeals from the Superior Court's order sentencing him for a violation of probation ("VOP").  The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Hackett's opening brief that the appeal is without merit.  We agree and affirm.

(2)     The record reflects that Hackett pleaded guilty on December 4, 2006 to Possession with Intent to Deliver Cocaine.  As part of the plea, Hackett agreed that he was subject to sentencing as an habitual offender under 11 *Del. C.* § 4214(a) and acknowledged that the Superior Court was required to impose no fewer than fifteen

years of imprisonment.  In exchange for this plea, the State agreed to drop other charges.  The Superior Court sentenced Hackett to twenty years of imprisonment, suspended after fifteen years for five years at Level IV halfway house inpatient substance abuse treatment, suspended after nine months for eighteen months at Level III probation.

(3)    Hackett did not file a direct appeal, but after an appeal from a motion for correction of illegal sentence,[1] on December 4, 2015 the Superior Court resentenced Hackett to fifteen years of imprisonment, followed by nine months at Level IV halfway house inpatient substance abuse treatment, followed by eighteen months at Level III probation.  This sentence is the "original" sentence for purposes of the current appeal.  The sentence was effective December 4, 2006, and gave Hackett credit for thirteen days previously served.  As a result, Hackett's release date, before accounting for good time or meritorious credit, was November 20, 2021.

(4)    On or about March 30, 2019, the Department of Correction ("DOC") transferred Hackett to the Level IV Crest substance abuse program.  Hackett refused to participate in the program and was charged with a violation of probation ("VOP").  At a VOP hearing on April 18, 2019, the Superior Court found Hackett in violation of his probation and sentenced him to two years and six months of imprisonment,

---

[1] *See Hackett v. State*, 2015 WL 4463789 (Del. July 21, 2015) (holding that the suspended portion of the term of imprisonment was in violation of Section 4214(a) and that the sentence was required to include a transition period under 11 *Del. C.* § 4204(l)).

with credit for eighteen days served, suspended immediately for one year of Level IV supervision at DOC discretion, followed by eighteen months of Level III probation.

(5) On appeal from his VOP sentence, Hackett argues that (i) the Superior Court erred by imposing the VOP sentence because the sentence exceeds the original sentence, (ii) the court acted contrary to 11 *Del. C.* § 4204(n) by "fail[ing] to give its reasons for going past the original habitual sentence," and (iii) the probationary period of the sentence should be limited to six months under 11 *Del. C.* § 4204(l).

(6) After careful consideration, we find no merit to Hackett's appeal. Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[2] When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[3] In this case, the Superior Court accounted for the time Hackett had already served and sentenced Hackett to two years and six months, which was a slightly shorter period of incarceration than the balance of the Level V time remaining to be served on his original sentence, which was approximately two years and seven months. The court also suspended that Level V time immediately for a lower level of supervision. This

---

[2] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[3] 11 *Del. C.* § 4334(c).

3

sentence did not exceed the balance of the Level V time remaining to be served on Hackett's sentence. Similarly, because the term of imprisonment imposed in the original sentence was mandated by the habitual offender statute and the VOP sentence did not exceed the original sentence, Hackett's argument concerning Section 4204(n) is without merit.

(7) Finally, Hackett's contention that the probationary period must be limited to six months under 11 *Del. C.* § 4204(l) is without merit. As we have previously held, "Section 4204(l) sets a minimum, not a maximum, period of transition time."[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *Hackett v. State*, 2016 WL 4091242, at *2 (Del. July 18, 2016).

4