IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRANDON S. GIBSON, | § | |
| | § | No. 523, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 1703015543 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 7, 2020
Decided: December 3, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

(1)    The Appellant, Brandon Gibson, appeals from a Superior Court sentencing order. The order in question sentenced him to fifteen years at supervision Level V, suspended after five years, followed by periods of supervision at Levels IV and III. The offense for which he was sentenced was Possession of a Firearm by a Person Prohibited (PFBPP). Gibson makes one claim on appeal. He contends the sentencing judge erred by failing to comply with 11 *Del. C.* § 4204(n). That section requires a judge to set forth on the record reasons for deviating from the "presumptive sentence" adopted by the Sentencing Accountability Commission

(SENTAC).[1]  He contends that this error on the part of the sentencing judge entitles him to a new sentencing.  We disagree and affirm.

(2)  Gibson was originally sentenced on the PFBPP charge on December 12, 2017.  At that sentencing, it was thought that his prior criminal record subjected him to a minimum of ten years at Level V.[2]  Consistent with that belief, the sentencing judge sentenced him to fifteen years at Level V, suspended after ten years, followed by periods of supervision at Level IV and Level III.  It was later discovered that his prior record subjected him to a minimum of three years at Level V, not ten.[3]  Accordingly, his original sentence was set aside and he was resentenced on November 22, 2019.  It is this second sentence which is now before us on appeal.

(3)  A presentence report was prepared for the November 22, 2019 resentencing.  In addition, two days before the sentencing, the State filed a sentencing memorandum with the court in which it recommended that the court re-impose an unsuspended Level V term of ten years.[4]  In support of its

---

[1] The "presumptive sentence" for given offenses is listed in the Sentencing Accountability Commission Benchbook (2017).  We refer to the 2017 version of the Benchbook in this case because Gibson was originally sentenced in 2017.

[2] This was based on the belief that Gibson had two previous violent felony convictions, which carries a ten-year minimum under 11 *Del. C.* 1448(e)(1)(c).  Appendix to Appellant's Opening Br. at A8.

[3] Both parties believed that one of Gibson's prior felonies was PFBPP, a violent felony.  However, following the appointment of postconviction counsel, it was discovered that one of Gibson's prior felonies was Possession of Ammunition by a Person Prohibited (PABPP), a non-violent felony. Appendix to Appellant's Opening Br. at A9. Under 11 *Del. C.* § 1448(e)(1)(a), three years is the mandatory minimum for a person convicted of PFBPP who has one prior violent felony conviction.

[4] Appendix to Appellee's Answering Br. at B24-26.

2

recommendation, the State discussed Gibson's criminal history, which included seven convictions of Title 11 felony offenses, one conviction of a Title 16 felony offense, and various misdemeanor convictions. The State also cited two SENTAC aggravating factors: undue depreciation of the offense and need for correctional treatment. The State claimed that Gibson "is a menace to society," and that he "would once again be emboldened should this Court reward his 'life of crime' by imposing any sentence less than the 10 years previously imposed in this case."[5]

(4) At the sentencing hearing, both parties acknowledged that Gibson's offense carried a minimum of three years at Level V.[6] The State again discussed Gibson's criminal history and ended by stating that somewhere between five and ten years would be an appropriate sentence. Gibson, in response, argued that the court should impose only the three-year minimum, contending that although he has a series of arrests, many did not result in convictions, and there are mitigating factors such as his troubled upbringing, having children, his acceptance of responsibility, and having been accepted into a program for on-the-job-training with the Department of Labor. At the conclusion of both parties' arguments, the court sentenced Gibson to the above-mentioned fifteen years at supervision Level V,

---

[5] Appendix to Appellee's Answering Br. at B26.
[6] Both parties acknowledged that the mandatory minimum was for three years rather than five because Gibson's release date for his prior violent felony was more than ten years ago. Appellant's Opening Br. Tab B at 3-4. Had Gibson's PFBPP charge in this case been within ten years of his prior violent felony release, five years unsuspended at Level V would have been the mandatory minimum. 11 *Del C.* § 1448(e)(1)(b).

suspended after five years, followed by periods of supervision at Levels IV and III. The court did not explain its reasons for imposing this sentence.

(5) Gibson contends that the sentencing judge's failure to state on the record his reasons for imposing a sentence of five years at Level V is a violation of 11 *Del. C.* §4204(n). That section reads as follows:

> Whenever a court imposes a sentence inconsistent with the presumptive sentence adopted by the Sentencing Accountability Commission, such court shall set forth on the record its reasons for imposing such penalty.

(6) We agree with Gibson that § 4204(n) imposes a statutory duty upon a sentencing judge to state on the record the reasons for any sentence that falls outside the SENTAC presumptive sentence. The presumptive sentence for Gibson's offense, a Class C felony,[7] is up to 30 months at Level V.[8] For the reasons which follow, however, we do not believe that the sentencing judge's failure to explain on the record in this case why he sentenced Gibson to greater than the presumptive sentence justifies a remand.

(7) Because the judge was required to impose a minimum sentence of three years at Level V, he did not have the discretion to impose the presumptive sentence. For this reason, the applicability of § 4204(n) to this case at all is unclear. We find

---

[7] Under 11 *Del. C.* § 1448(c).
[8] Sentencing Accountability Commission Benchbook at 47 (2017).

it unnecessary to address this uncertainty, however, because, as we are about to discuss, Gibson's sentence is explained by his prior criminal history.

(8)  In addition to setting forth the presumptive sentence of up to 30 months at Level V for a Class C felony, the SENTAC Benchbook contains a box entitled "Sentences for Prior Criminal History Categories."[9]  This box, which follows the list of statutes included within the Class C felony offense category, provides examples of common aggravated sentences.  In this case the box provides that an aggravated sentencing range of up to five years at Level V applies where the defendant has two prior felonies or one prior violent felony.  Because of his prior record, Gibson qualifies for such an aggravated sentence.  At the sentencing hearing, the prosecutor was aware of this and argued that "[t]he guidelines call for up to five years for a Class C felony with two prior felonies or one violent."[10]  In its answering brief on appeal, the State again argues that the aggravated sentence guidelines are the guidelines applicable to Gibson.  Since the sentencing judge sentenced within those guidelines, it argues, the judge was not required to provide reasons for the sentence.

(9)  We agree with the State that the guidelines for an aggravated sentence called for a sentence of up to five years at Level V, and the sentence imposed therefore falls within SENTAC guidelines.  The fact that a sentence falls within

---

[9] Sentencing Accountability Commission Benchbook at 48 (2017).
[10] Appellant's Opening Br. Tab B at 8.

SENTAC guidelines, however, is not a complete answer to a defense argument that a sentencing judge has failed to comply with § 4204(n). The statute specifically refers to the "presumptive sentence." If a sentence falls outside the presumptive sentence, it should be explained even if it falls within other applicable guidelines. In this case, however, since the sentence imposed can be easily explained by reference to SENTAC's guidelines for an aggravated sentence based upon prior criminal history, we do not think that a remand for further action by the sentencing judge would serve any useful purpose.

(10) In *Mayes v. State,* the defendant argued that the sentencing judge failed to comply with § 4204(n), (then known as § 4204(m)), by failing to state on the record the basis for a sentence which exceeded the SENTAC presumptive sentence.[11] This court ruled that "[s]ection 4204(m) may not be reasonably construed as a mandate or basis for reversible error since we have previously ruled that the SENTAC guidelines provide 'no basis for appeal.'"[12] Since we are affirming the judgment of the Superior Court in this case, we have no reason to address *Mayes v. State.* We do take this occasion, however, to say that all sentencing judges should be mindful of the statutory requirement that the judge state on the record the reasons for any sentence which is inconsistent with the SENTAC presumptive sentence.

---

[11] 604 A.2d 839, 846 (Del. 1992).
[12] *Id*. (citing *Gaines v. State*, 571 A.2d 765, 766-67 (Del. 1990)).

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice