SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ                                           1 The Circle, Suite 2
RESIDENT JUDGE                                          GEORGETOWN, DE 19947

April 28, 2022

Shane Windell
SBI #00845067
Howard R. Young Correctional
Institution
P.O. Box 9561
Wilmington, DE 19809

Thomas Pedersen, Esquire
115 South Bedford Street
Georgetown, DE 19947

Casey Ewart, Esquire
Deputy Attorney General
Department of Justice
13 The Circle
Georgetown, DE 19947

> Re:   *State of Delaware v. Shane Windell*
>        Def. ID Nos. 1910008972, 2011001365
>        Motion for Postconviction Relief (R-1)

Dear Mr. Windell and Counsel:

On September 22, 2021, I accepted guilty pleas from Shane M. Windell

("Windell or "Movant") to three felony charges:   Non-Compliance with Conditions

1

of Bond, Terroristic Threatening of a Public Official, and Stalking. On November 12, 2021, I sentenced Movant to five (5) years of incarceration at Level 5 (with credit for 730 days previously served), followed by descending levels of probation.[1] I also imposed other conditions on Movant, including no contact with Movant's victims, mental health treatment, and GPS monitoring upon his release from Level 5.

On December 15, 2021, through his counsel ("Trial Counsel"), Movant filed a Motion for Modification of Sentence (the "Modification Motion") under Superior Court Criminal Rule 35. The State of Delaware (the "State") filed its Opposition to Movant's Modification Motion on January 4, 2022. I denied the Modification Motion on January 19, 2022.

Movant did not take a direct appeal to the Delaware Supreme Court, and has filed no other motions or petitions seeking relief from the judgment in state or federal court.

Rather, on February 17, 2022, Movant filed his first *pro se* Motion for Postconviction Relief (the "Rule 61 Motion") in connection with the above-

---

[1] Movant faced a possible sentence range of zero to nine years at Level 5. As part of the plea agreement, the State agreed to cap its *recommendation* (not its promise of a sentence) for any unsuspended Level 5 sentence at four years, which is exactly what it did. The State also entered a *nolle prosequi* in case #2001001145 (pending in the Kent County Court of Common Pleas) in return for the defendant's agreement to pay restitution to the victim in that case.

referenced case. Movant's statements of his three grounds under Section 12 of his Rule 61 Motion are brief, conclusory, non- specific, and provide little factual support for his claims. This in and of itself could constitute a sufficient independent basis for my denial of the Rule 61 Motion.[2]

This Court has held that "[a] movant [under Rule 61] must support his or her assertions with 'concrete allegations of actual prejudice, or risk summary dismissal.'"[3] In this case, "[i]t plainly appears from the motion that Defendant has not shown entitlement to relief. Defendant's motion is completely conclusory, and [he] has failed to support his claims with facts. For these reasons Defendant's motion warrants summary dismissal."[4]

However, I will make reasonable inferences to divine Movant's meaning. In his Rule 61 Motion, Movant asserts three (3) grounds for postconviction relief: (1) "Unfulfilled" Plea Agreement (Movant received a greater sentence then the State's recommended four-year cap), (2) Guilty Plea Coerced by Trial Counsel (although Movant does not assert ineffective assistance of counsel, Movant claims that Trial

---

2 "The Motion shall specify all the grounds for relief which are available to the movant and of which the movant has or, by the exercise of reasonable diligence, should have knowledge, *and shall set forth in summary form the facts supporting each of the grounds thus specified.*" Super. Ct. Crim. R. 6l(b)(2) (emphasis supplied).
3 *State v. Johnson,* 2009 WL 638511, at *1 (Del. Super. Mar. 12, 2009), *affd,* 977 A.2d 898 (Del. 2009) (quoting *State v.Childress*, 2000 WL 1610766, at *1 (Del. Super. Sept. 19, 2000)).
4 *Id*. at *2.

Counsel told him that, if he pleaded guilty, I would impose a sentence within SENTAC guidelines), and (3) Excessive Sentence (I stated in my denial of the Modification Motion that the sentence was "substantially in excess" of the SENTAC guidelines). On March 10, 2022, the State filed its Response in Opposition to the Rule 61 Motion. Movant did not file a timely reply to the State's Response. This is my decision on the Rule 61 Motion.

As a preliminary matter, the Movant's claim that his plea agreement went unfulfilled because his actual sentence exceeded four years, a condition he alleges was part of his plea agreement, effectively operates as a challenge to his sentence. Under the plain language of Rule 61, a postconviction challenge to a non-capital sentence is not cognizable under Rule 61.[5]

Before addressing the merits of the Motion, I first address the four procedural bars of Superior Court Criminal Rule 61(i).[6] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[7] Under the Delaware

---

5 *State v. Berry,* 2016 WL 5624893, at *4 (Del. Super. June 29, 2016) (citing Super. Ct Crim. R. 61(a)(1)). Rule 61(a)(1) states that Rule 61 "governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence." Neither of these two scenarios applies in the case at bar.
6 *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
7 *Bradley v. State*, 135 A.3d 748 (Del. 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del.

Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, failure to raise claims that could have been raised, or former adjudication.[8]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final, or if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[9] In this case, Movant's conviction became final for purposes of Rule 61 thirty days after I imposed sentence.[10] I imposed sentence on Movant on November 12, 2021. Movant filed his *pro se* first motion for postconviction relief on February 17, 2022. Therefore, consideration of the Motion is not barred by the one-year limitation of Rule 61(i)(1).

Second, subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[11] Since this is Movant's first motion for postconviction relief, this restriction does not apply.

---

Super. April 28, 2009).

8   Super. Ct. Crim. R. 61(i).

9   Super. Ct. Crim. R. 61(i)(1).

10   Super. Ct. Crim. R. 61(m)(1).

11 Super. Ct. Crim. R. 61(i)(2)

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief" and "prejudice from [the] violation."[12] Rule 61(i)(3) bars claims that were not raised in the proceedings unless Movant can establish cause for failing to timely raise the claim, and actual prejudice from failing to raise the claim.[13] Movant did not challenge his sentence on direct appeal, nor does the Rule 61 Motion offer any explanation for why he failed to do so. Moreover, Rule 61(i)(3) bars claims that could have been but were not raised below on direct appeal, *even when ineffective assistance of counsel is asserted*,[14] unless Movant successfully demonstrates that counsel was in fact ineffective and that ineffectiveness prejudiced his rights.[15] To the extent that Ground Two of the Rule 61 Motion (Coerced Guilty Plea) implies that Movant received ineffective assistance of counsel in connection with his plea

---

12 Super. Ct. Crim. R. 61(i)(3).

13 *Wilson v. State*, 900 A.2d 102 (Table), 2006 WL 1291369, at *2 (Del. May 9, 2006). (citing *McCluskey v. State*, 782 A.2d 265 (Del. 2001)).

14 To the extent that Ground Two of the Rule 61 Motion implies a claim of ineffective assistance of counsel, normally under Delaware law ineffective assistance of counsel claims may not be addressed by the Delaware Supreme Court on direct appeal. Rather, such collateral claims are properly raised for the first time in postconviction proceedings. *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").

15 *Wilson v. State*, 900 A.2d 102 (Table), 2006 WL 1291369, at *2 (Del. May 9, 2006) (citing *Gattis v. State*, 697 A.2d 1174 (Del. 1997)).

agreement and the resulting sentence, he has "failed to demonstrate that his counsel acted unreasonably by failing to file a direct appeal if for no other reason than the fact that his sentence was within the statutory limits and therefore not 'illegal.'"[16]  The Rule 61 Motion is barred under Rule 61(i)(3) for failure to assert on direct appeal.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[17]  Movant has already asked me to review the length of his sentence (because it exceeded both the State's recommended cap and the applicable SENTAC guidelines) in his Modification Motion. I  considered and rejected his request, and Movant chose not to appeal that decision.   Thus, any claims based on the length of Movant's sentence and its departure from the State's recommended cap and the SENTAC guidelines have been formerly adjudicated.   The Rule 61 Motion is barred under Rule 61(i)(4) as formerly adjudicated.

Finally, the four procedural bars do not apply either to a claim that I lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that

---

16 *Id*. (internal footnotes omitted).
17 Super. Ct. Crim. R. 61(i)(4).

creates a strong inference of actual innocence,[18] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[19] None of these claims applies in this case.

At their core, all three of Movant's claims are effectively attempts to relitigate the length of his sentence under Rule 35 under the guise of a Rule 61 Motion. However, under the plain language of Rule 61, a postconviction challenge to a non-capital sentence is not cognizable under Rule 61.[20] The Delaware Supreme Court has repeatedly held that defendants cannot use Rule 61 postconviction proceedings to challenge non-capital sentences.[21]

It is noteworthy that the Plea Agreement and the Truth-in-Sentencing Guilty Plea Form clearly set forth that there was open sentencing, that the sentence faced by Movant was from zero to nine years at Level 5, and that sentencing was at my discretion. Movant acknowledged this by signing those forms.

In addition, Movant checked "Yes" in response to the question "Have you freely and voluntarily decided to plead guilty to the charges listed in your written

---

18 Super. Ct. Crim. R. 61(i)(5).
19 Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
20 *State v. Berry,* 2016 WL 5624893, at *4 (Del. Super. June 29, 2016) (citing Super. Ct. Crim. R. 61(a)(1)).
21 *Id.* (citing *Pearlman v. State*, 970 A.2d 257 (Table), 2009 WL 766522, at *1 (Del. Mar. 25, 2009); *Wilson v. State*, 900 A.2d 102 (Table), 2006 WL 1291369, at *2 (Del. May 9, 2006)).

plea agreement?" and responded "No" to the question "Have you been promised anything that is not stated in your written plea agreement?" Likewise, Movant answered "No" when the form asked, "Has your lawyer, the State, or anyone threatened or forced you to enter this plea?" and he then affirmed that he was satisfied with his attorney's representation of him. When Movant was asked "Has anyone promised what your sentence will be?" he replied by checking "No." In response to the final two questions on the Truth-in-Sentencing Guilty Plea Form, Movant affirmed that he had read and understood all of the information on the form and that all the answers he had given were truthful.

In my plea colloquy with Movant, I asked a similar series of questions to make sure that Movant understood the terms of his plea agreement and the rights that he was giving up by entering into a guilty plea agreement. I would never have accepted Movant's guilty plea if he had given answers that were inconsistent with those on his written Truth-in-Sentencing Guilty Plea Form.

Movant's "claim that he was coerced into accepting the guilty plea, because Trial Counsel allegedly misrepresented the length of his sentence and deprived him of his free will, effectively operates as a challenge to his guilty plea, which he waived when the guilty plea was accepted by the Court."[22] "A

---

[22] *State v. Berry.* 2016 WL 5624893 at *5 (Del. Super. June 29, 2016).

defendant is bound by his statements given during the plea colloquy, absent clear and convincing evidence that the defendant did not understand the plea agreement, that he was forced to accept the plea, or that he was not satisfied with trial counsel's representation."[23]

The Rule 61 Motion presents no evidence that would call into question Movant's representations to me that he understood the terms of his plea agreement and that he was freely and voluntarily deciding to plead guilty. Movant is, therefore, "bound by his statements made at the plea colloquy" and in his Truth-in-Sentencing Form, "and any claims he now makes as to defects, errors, misconduct and deficiencies that occurred prior to the entry of the plea must fail."[24]

Movant's Rule 61 Motion repeats an argument previously made in his Motion for Modification of Sentence, i.e., that the 5-year sentence I imposed "was 15 times greater than the [SENTAC] guidelines." The introduction to the SENTAC Benchbook contains the following disclaimer: "[I]t should be noted that Delaware's sentencing guidelines are voluntary, non-binding, and as such,

---

23 *Id*. (citing *State v. Harden,* 1998 WL 735879 at *5 (Del. Super. Jan. 13, 1998), *affd,* 719 A.2d 947 (Del. 1998)).
24 *Id*. at *6.

in the absence of constitutional violations, are not generally subject to appeal."[25] Likewise, the Delaware Supreme Court "has consistently held that it is without appellate jurisdiction in criminal cases to review challenges on the sole basis that a punishment deviated from the SENTAC sentencing guidelines." [26] Consequently, Movant's references to SENTAC are inapposite to any claim under Rule 61.

Movant claims that, in my response to his Motion for Modification of Sentence, I stated the sentence was "substantially in excess." He is correct insofar as this part of my statement goes. However, my entire statement was: "As I said at sentencing, Mr. Windell's cases raise significant and difficult issues. The sentence I imposed was substantially in excess of what is suggested by the SENTAC guidelines." I then summarized the same aggravating factors I had previously cited in support of my upward departure from the SENTAC guidelines, and I stated that nothing in the Motion for Modification of Sentence had changed my mind that Movant's sentence was appropriate.

The Delaware Supreme Court "*does* have appellate jurisdiction to review

---

25 SENTAC Benchbook 2020, at 21.
26 *Siple v. State*, 701 A.2d 79, 83 (Del. 1997) (citing *Mayes v. State*, 604 A.2d 839, 845-46 (Del. 1992); *Gaines v. State,* 571 A.2d 765, 767 (Del. 1990); *Ward v. State,* 567 A.2d 1296, 1297-98 (Del. 1989)).

11

criminal sentences on the basis of alleged: unconstitutionality; factual predicates which are either false, impermissible, or lack minimum indicia of reliability; judicial vindictiveness, bias, or sentencing with a 'closed mind'; and any other illegality."[27] "Except for these constitutional and legal constraints, it is well-established that appellate review of criminal sentences is limited in Delaware to a determination that the sentence is within the statutory limits."[28]

While my sentence may have been "substantially in excess" of the applicable SENTAC guidelines, it fell squarely within the statutory penalty range appliable to the charges for which Movant pleaded guilty, and I made a record of the aggravating factors justifying its upward departure from the guidelines.

Given the disposition of this Rule 61 Motion as procedurally barred under Ruel 61(i)(3) and Rule 61(i)(4), the record need not be further expanded (by an Affidavit of Trial Counsel or otherwise) nor is an evidentiary hearing required.[29] Summary dismissal is appropriate.[30]

---

27 *Siple*, 701 A.2d at 83 (emphasis in original) (citations omitted).
28 *Id.* (citing *Mayes,* 604 A.2d at 842)
29 Super. Ct. Crim. R. 61(g)(5).
30 Super. Ct. Crim. R. 61(d)(5).

For the reasons set forth above, I find that the Motion for Postconviction Relief must be **DENIED**.

    **IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:    Prothonotary