IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ZACKARY FERRY, | § | |
| | § | No. 39, 2017 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 1601004542 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: October 18, 2017
Decided: November 1, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 1st day of November, 2017, having considered the briefs and the record below, it appears to the Court that:

(1)     Zackary Ferry and Michael Riberio were arrested for breaking into a home and stealing jewelry and a Wii gaming console. The State charged Ferry with burglary, criminal mischief, conspiracy, and felony theft. A jury acquitted him of all charges except felony theft. At sentencing, the State argued that Ferry was the mastermind behind the burglary and detailed his criminal history and arrests that were currently pending charges. The judge responded that she was not considering evidence of the crimes he was acquitted of or the arrests awaiting charges. She

considered other aggravating factors and sentenced Ferry to two years' incarceration and probation. Ferry appealed, arguing the State violated his due process rights at sentencing by presenting improper evidence of his involvement in the burglary, his former arrests, and his arrests pending charges. Because the trial judge did not consider at sentencing any of the allegedly improper evidence Ferry raises on appeal, we affirm the Superior Court's decision.

(2)     Amy Blithe's home was robbed on January 6, 2016 in New Castle County. The garage door had been pried open, and a Wii console and about $15,000 worth of jewelry had been stolen. A pawn database revealed Riberio and Ferry had sold several of the missing pieces at local pawn shops. A search of Riberio's house revealed the Wii and other jewelry pieces. Riberio confessed to the burglary, pleading guilty to felony theft and agreeing to testify against Ferry.

(3)     The State charged Ferry with burglary, conspiracy, criminal mischief, and felony theft. At trial, Riberio testified that Ferry participated in the burglary. Ferry maintained that he had nothing to do with the burglary itself, but admitted to driving Riberio to several pawnshops, selling jewelry once with Riberio and once on his own when Riberio said he was not allowed to enter the shop. The jury acquitted Ferry of burglary, criminal mischief, and conspiracy, but found him guilty of felony theft.

(4) At sentencing, the State re-argued Ferry's involvement in the burglary, presenting evidence to show he was the "mastermind behind it all."[1] Ferry objected to the State's evidence, arguing the State was asking the court to ignore the jury's acquittal and sentence him for the burglary. The judge responded that she was not considering the charges for which he was acquitted.[2] The State detailed Ferry's criminal history, including arrests that took place after trial. Ferry objected because he had not yet been charged for those crimes, and the judge agreed, stating she would not consider them.[3] The judge sentenced Ferry to two years at Level V suspended after ninety days, eighteen months at Level IV suspended after six months, and one year of Level II probation. This was the statutory maximum and above the guidelines. The judge ordered Ferry to pay $6,700.73 in restitution.

(5) Ferry appeals, arguing the State violated his due process rights by improperly presenting: (1) evidence that he committed the burglary the jury acquitted him of, (2) evidence of crimes he was charged for but not convicted, and (3) evidence of arrests pending charges.[4] This Court reviews a sentencing order for an abuse of discretion and will not overturn the order unless the judge exhibited a

---

[1] App. to Opening Br. at 38.
[2] *Id.* at 51.
[3] *Id.* at 44.
[4] Ferry also argues the court erred by giving him a harsher sentence than Riberio, because, as Ferry alleged, he did not participate in the burglary. Opening Br. at 4, 8. But both Riberio and Ferry were convicted of felony theft and received the same sentence, although Riberio served only six months in prison. App. to Answering Br. at 17–18, 20.

closed mind or relied on impermissible factors, demonstrably false information, or information lacking a minimal indicia of reliability.[5]

(6)     Ferry alleges the State improperly argued that he should be sentenced for the burglary, which is "tantamount to asking the court to disregard the jury verdict."[6]  This argument fails for three reasons.  First, the evidence presented was related to the felony theft charge for which he was convicted.  Second, the court may "consider information concerning an investigation in which [the] defendant was a suspect,"[7] and that information "is not confined exclusively to conduct for which that defendant was convicted."[8]  And third, the judge explicitly stated she was "not considering the charges where he was found not guilty by the jury."[9]

(7)     Next, Ferry argues the State improperly presented evidence of his prior arrests that did not result in convictions, "presumably with the intent to show that he had committed crimes in the past . . . and now should be punished for those crimes."[10] This Court held in *Mayes* that "[s]entencing courts are specifically entitled to rely

---

[5] *Fink v. State*, 817 A.2d 781, 790 (Del. 2003).

[6] Opening Br. at 5.

[7] *Lake v. State*, 1984 WL 997111, at *2 (Del. 1984).

[8] *Id.* at *1.

[9] App. to Opening Br. at 51.

[10] Opening Br. at 6.  Ferry cites three Tennessee cases to support this argument.  *Id.* at 7–8 (citing *State v. Miller*, 674 S.W.2d 279 (Tenn. 1984); *State v. Teague*, 645 S.W.2d 392 (Tenn. 1983); *State v. Adkins*, 653 S.W.2d 708 (Tenn. 1983)).  However, these cases involve death sentences imposed by a jury and thus have a different burden of proof.  *Compare Adkins*, 653 S.W.2d at 715 (requiring evidence be proven beyond a reasonable doubt) *with Mayes v. State*, 604 A.2d 839, 845 (Del. 1992) (requiring evidence have a minimal indicia of reliability).

upon information regarding other, unproven crimes."[11]  Due process solely requires that the information has a minimal indicium of reliability and is not demonstrably false, and that the defendant has the opportunity to explain or rebut the information.[12] Here, the former arrests were supported by a reliable sentencing outline from the State,[13] and Ferry had the opportunity to explain them.[14]

(8)  Lastly, Ferry alleges the State improperly presented evidence of arrests that took place after the burglary and were awaiting charges.[15]  He states his punishment "should not be enhanced by unproven charges or allegations."[16]  The judge agreed, stating she was "not taking into consideration any of the current criminal matters that [Ferry] might be dealing with."[17]  When the court states it will not consider improper evidence, "we must assume that it did not,"[18] absent evidence

---

[11] *Mayes*, 604 A.2d at 842–43; *see also Williams v. Oklahoma*, 358 U.S. 576, 584 (1959); *United States v. Jones*, 696 F.2d 479, 493 (7th Cir. 1982).

[12] *Mayes*, 604 A.2d at 843; Super. Ct. Crim. R. 32(1)(B)–(C).

[13] App. to Opening Br. at 41–43, 50–52.

[14] *Id.* at 46–57.

[15] Ferry also argues that considering the uncharged crimes violates the presumption of innocence. But the Court rejected this argument in *Mayes*.  604 A.2d at 843 (quoting *United States v. Doyle*, 348 F.2d 715, 721 (2d Cir. 1965)) ("To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.").

[16] Opening Br. at 6.

[17] App. to Opening Br. at 50; *see Siple v. State*, 701 A.2d 79, 85 (Del. 1997) ("The sentencing judge properly concluded that, to constitute 'repetitive criminal conduct,' prior convictions only needed to precede [the defendant's] sentencing.").

[18] *Mayes*, 604 A.2d at 843.

to the contrary. Here, there is no indication in the record that the judge took the State's improper evidence into account, and thus we assume she did not.

(9) The judge relied on permissible aggravating factors in determining Ferry's sentence. She noted Ferry's "repetitive criminal conduct," including "burglary, criminal trespass, fugitive status, and civil contempt, and the possession of a controlled substance," and his heroin addiction, which showed "a need for correctional treatment."[19] She also found he had a lack of remorse and amenability.[20] The judge was entitled to rely on these factors in determining Ferry's sentence, which was within the legal limit,[21] and she did not abuse her discretion.[22]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[19] App. to Opening Br. at 51–52.

[20] *Id.* at 52.

[21] 11 *Del. C.* § 4205 (providing for a maximum sentence of two years at Level V). Ferry suggests the decision was improper because it exceeded the guidelines, which suggest twelve months' probation. SENTAC Benchbook (2017), at 77. However, "[i]t is established Delaware law that a defendant has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform to the sentencing guidelines." *Mayes*, 604 A.2d at 845.

[22] SENTAC Benchbook (2017), at 132, 134 (enumerating aggravating factors, including repetitive criminal conduct, need for correctional treatment, lack of remorse, and lack of amenability).

6