IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AARON BRADFORD, | § | |
| | § | |
| Defendant Below- | § | No. 226, 2018 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID S1009027615 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 23, 2018
Decided: September 18, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

### **O R D E R**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Aaron Bradford, filed this appeal from the Superior Court's April 3, 2018 order sentencing him for his third violation of probation (VOP). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Bradford's opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that Bradford pled guilty on April 27, 2011 to two counts of Rape in the Fourth Degree. In exchange for his plea, the State dismissed many additional charges. The Superior Court sentenced Bradford to a total period

of fifteen years at Level V imprisonment, with credit for 254 days served, to be suspended upon Bradford's successful completion of the Family Problems program for five years at Level III probation. In November 2016 and November 2017, the Superior Court found Bradford in violation of the terms of his probation. Following his second VOP, the Superior Court sentenced Bradford to ten years and three months at Level V, to be suspended after serving thirteen days at the Level IV VOP Center for two and a half years at Level III probation. The Superior Court also added a condition that Bradford be monitored by TASC and successfully complete a TASC-recommended residential or outpatient drug treatment program.

(3)     In March 2018, Bradford was charged with his third VOP. The violation report alleged that Bradford refused to provide a urine screen and admitted to using heroin twice. At his April 3, 2018 VOP hearing, Bradford admitted that he had used heroin and had viewed adult pornography while on probation. Bradford asserted that his difficulties with completing probation stemmed in part from a no contact order, which limited his access to his support network. Bradford's mother spoke at the hearing, on behalf of the victim, requesting that Bradford be permitted more contact with family.

(4)     The Superior Court judge called counsel to a sidebar that was not recorded. After the sidebar, the Superior Court expressed concerns about community safety and then sentenced Bradford to a total period of ten years at Level

2

V, to be suspended upon successful completion of the Key and Family Transitions Programs for two years at Level IV Home Confinement, followed by three years at Level III probation. The sentence order required TASC to monitor Bradford while on home confinement and reimposed all of the earlier conditions.

(5) In his two-page opening brief on appeal, Bradford's sole argument is that the Superior Court sentenced him with a closed mind. Bradford contends that the judge's comments after the unrecorded sidebar reflect that the judge must have considered inadmissible evidence of a polygraph test administered by his probation officer. Bradford also asserts that the judge had a closed mind because the judge failed to address Bradford's evidence in mitigation and imposed a sentence in excess of the sentencing guidelines.

(6) Bradford does not dispute that he violated the terms of his probation. His sole issue on appeal relates to his sentence. But, this Court's review of a sentence generally is limited to determining whether the sentence is within statutory limits.[1] Once the State has proven by a preponderance of evidence that a VOP has occurred, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the

---

[1] *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992).

original sentence.[2] In this case, the Superior Court's VOP sentence did not exceed the balance of Level V time remaining on Bradford's sentence.[3]

(7) Moreover, we find no support for Bradford's contention that the judge sentenced him with a closed mind. The judge allowed Bradford's mother to speak on his behalf at the hearing and considered Bradford's explanations for his relapse, as well as his admissions to using heroin and viewing adult pornography while on probation. It was Bradford, not the judge, who commented about the results of a polygraph examination. Although it was not ideal that the sidebar conference was not recorded or the purpose for it not clearly explained, it was not *ex parte*. Bradford's counsel was present, and there is no basis to infer that any improper information was discussed in that conference, especially given that Bradford's counsel was a participant. Rather, the record evidence provided more than a sufficient basis for the trial judge's decision, and he explained that decision in reference to that evidence. Under the circumstances, we find no abuse of the judge's discretion in sentencing Bradford to Level V imprisonment, to be suspended upon his successful completion of the Key and Family Transitions Programs.

---

[2] 11 Del. C. § 4334(c) (2007).
[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice