IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRE L. RAMSEY, | § | |
| | § | |
| Defendant Below-Appellant, | § | No. 475, 2018 |
| | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. No. 1207013999 (N) |
| | § | |
| Plaintiff-Below-Appellee. | § | |
| | § | |

Submitted: February 7, 2019
Decided: March 22, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

# **O R D E R**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Andre L. Ramsey, appeals a sentence the Superior Court imposed upon him for violating the terms of his probation and conditional release. The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Ramsey's opening brief that the appeal is without merit. We agree and affirm.

(2)     The record reflects that Ramsey pleaded guilty to three charges in order to resolve two pending cases on January 17, 2013. Specifically, Ramsey pleaded guilty to identity theft, possession of a firearm by a person prohibited ("PFBPP"),

and drug dealing. In exchange for his plea, the State dismissed eleven additional charges. The Superior Court declared Ramsey to be a habitual offender under 11 *Del. C.* § 4214(a) and sentenced him as follows: (i) for identity theft, two years of Level V incarceration, with credit for time served and no probation to follow; (ii) for PFBPP, five years of Level V incarceration with no probation to follow; and (iii) for drug dealing, eight years of Level V incarceration, suspended for probation with decreasing levels of supervision. The Superior Court ordered the sentences be served consecutively.

(3) Ramsey appealed his convictions and this Court affirmed on direct appeal.[1] Thereafter, the record reflects that Ramsey petitioned the Superior Court to modify or correct his sentence on several occasions. On December 12, 2017, the Superior Court modified Ramsey's sentence to give the Department of Correction ("DOC") discretion to determine the appropriate Level IV placement for Ramsey.

(4) In April of 2018, DOC released Ramsey to Level IV home confinement. In June of 2018, Ramsey was arrested and charged with four counts of misdemeanor theft. On August 10, 2018, Ramsey pleaded guilty to three counts of misdemeanor theft and the State entered a *nolle prosequi* on the fourth count. The Superior Court held a violation of probation ("VOP") hearing on August 15, 2018. The Superior

---

[1] *Ramsey v. State*, 2013 WL 5522598 (Del. Oct. 3, 2013).

Court found Ramsey in violation of probation for his drug dealing conviction and in violation of conditional release for his PFBPP conviction. In connection with the revocation of Ramsey's conditional release, the Superior Court ordered that he surrender all previously earned good time and serve the balance of the Level V sentence from which he was released. On the VOP, the Superior Court sentenced Ramsey to eight years of Level V incarceration with credit for time served, suspended for probation at decreasing levels of supervision. This appeal followed.

(5)     Ramsey raises two issues on appeal. First, he contends he was not on conditional release when he picked up the new criminal charges. Second, Ramsey argues the Superior Court abused its discretion by rescinding his "statutory good time" credit when it sentenced him for violating conditional release. We find no merit to either claim.

(6)     Conditional release occurs when an inmate is released from incarceration into the community "by reason of diminution of the period of confinement through merit and good behavior credits."[2]   According to DOC's Offender Status Sheet, Ramsey's Maximum Expiration Date ("MED") for his Level V sentence for identity theft and PFBPP is July 13, 2019. DOC released Ramsey early due to his accumulation of good time credits under 11 *Del. C.* § 4383. Ramsey

---

[2] 11 *Del. C.* § 4302(4).

did not have probation associated with his Level V sentence for identity theft and PFBPP. Accordingly, when DOC released Ramsey in April of 2018 to Level IV home confinement, he was on conditional release until his MED. He was still on conditional release when he was arrested on new charges two months later.

(7)    Ramsey also contends that the Superior Court improperly ordered he forfeit his "statutory days" when it sentenced him for violating the terms of his conditional release.[3] Ramsey correctly observes that 11 *Del. C.* § 4381 provides good time may be earned for an inmate's good behavior ("statutory good time") and for an inmate's participation in certain programs ("meritorious good time"). Ramsey argues only his meritorious good time was forfeited when he violated the terms of his conditional release. The Court's review of a sentence is extremely limited and its inquiry is generally limited to determining whether the sentence falls within the statutory limits prescribed by the legislature.[4] The General Assembly has decreed that any person under DOC custody at Level IV or V who is convicted of a crime during the term of the sentence must forfeit "*all* good time accumulated to the date

---

[3] After Ramsey filed a notice of appeal with the Court but before he filed his opening brief, Ramsey filed two motions in Superior Court seeking correction of his sentence and raising the same argument he raises here. The Superior Court denied Ramsey's motions on December 19, 2018, finding DOC had correctly calculated the balance of the sentence Ramsey has left to serve. That decision is not on appeal in this case.

[4] *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992).

4

of the criminal act."[5]  Ramsey was in DOC custody at Level IV home confinement when he committed new crimes.  Accordingly, we do not find the sentence imposed by the Superior Court was an abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[5] 11 *Del. C.* § 4382(a) (emphasis added).