IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHRISTOPHER SANDS,      §
     § No. 106, 2018
     Defendant Below–      §
     Appellant,      §
     §
     v.      § Court Below–Superior Court
     § of the State of Delaware
STATE OF DELAWARE,      §
     § Cr. ID No. 1303017721 (N)
     Plaintiff Below–      §
     Appellee.      §

Submitted: March 29, 2019
Decided: April 12, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon careful consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The appellant, Christopher Sands, filed this appeal from a February 15, 2018 Superior Court violation of probation (VOP) sentence. Sands, who identifies as a transgendered woman, contends the Superior Court's sentence did not take into consideration her mental health issues. Sands also argues the Superior Court sentenced her with a closed mind. We find no merit to Sands' appeal. Accordingly, we affirm the Superior Court's judgment.

(2)     The record reflects that Sands was serving the probation portion of a sentence for felony unlawful sexual contact (USC) when she absconded from the

Plummer Community Corrections Center in 2013.  The Superior Court found Sands in violation of her probation on the USC charge and sentenced her to five years at Level V incarceration ("Level V") with credit for time previously served, suspended after six months for eighteen months of Level III probation.  Sands subsequently pleaded guilty to an escape charge and received a sentence of five years at Level V, suspended after six months for eighteen months of Level II probation.

(3)    On April 24, 2014, the Superior Court found Sands in violation of the terms of her probation on both the USC charge and the escape charge and re-sentenced her as follows:  for the USC VOP, three years at Level V, suspended after the successful completion of the Transitions sex offender program, followed by Level IV supervision at the discretion of the Department of Corrections (DOC); and, for the escape VOP, four years and six months at Level V, suspended after the successful completion of the Key program, followed by decreasing levels of supervision.  Between 2014 and 2017, Sands filed numerous motions for review or modification of her sentence.  Although all of the motions were denied, the record reflects the Superior Court was in communication with the behavioral health team at the prison and kept tabs on Sands' treatment progress.  On November 28, 2017, the Superior Court discharged Sands as unimproved on the USC VOP and modified Sands' sentence on the escape VOP to four years and six months at Level V,

suspended upon Sands' acceptance to and completion of an appropriate Level III residential program, with twelve months of aftercare to follow.

(4)     Sands was then released to a Level III residential program for women in Dover, Delaware.  She reviewed and acknowledged her probation conditions, including the restriction that, as a registered sex offender, she was not permitted to have access to, or possession of, sexually explicit or obscene material.  On December 30, 2017, Sands was observed openly watching pornography in a common area of the residential facility.  Sands was immediately terminated from the program.  At her January 25, 2018 VOP hearing, Sands admitted to violating the terms of her probation.  The Superior Court deferred sentencing for three weeks in order to investigate placement options that might be available and appropriate for Sands.  On February 15, 2018, the Superior Court sentenced Sands to three years and six months at Level V, suspended upon the successful completion of the Transitions sex offender program, followed by decreasing levels of supervision.

(5)     On appeal, Sands asks this Court to overturn her VOP sentence so she can receive the "right" treatment.  Sands also alleges the Superior Court sentenced her with a closed mind because she identifies as a transgendered woman.

(6)     We find no merit to Sands' contentions. Sands does not dispute that she violated the terms of her probation.  Her sole issue on appeal is the appropriateness of her sentence.  But, this Court's review of a sentence is generally limited to

determining whether the sentence falls within statutory limits.[1]  Once the State has proven by a preponderance of the evidence that a VOP has occurred, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[2]  In this case, the Superior Court's VOP sentence did not exceed the balance of Level V time remaining on Sands' sentence.

(7)     Moreover, the record is completely devoid of evidence to support Sands' contention that the trial court sentenced her with a closed mind.  We have reviewed the hearing transcripts in this case.  In each court appearance, the Superior Court made special note of Sands' mental health issues and unique status as a transitioning woman.  The Superior Court proactively worked with the DOC to seek out appropriate treatment and placement for Sands.  The record reflects the Superior Court took several weeks after accepting Sands' admission that she had violated the terms of her probation and prior to sentencing Sands in order to review a risk and needs assessment, a TASC recommendation, and a mental health professional's opinion.  At the sentencing hearing, the Superior Court heard substantial testimony from Sands' probation officer regarding Sands' mental health diagnoses before sentencing her to the Transitions program.  The VOP sentencing judge—who has

---

[1]  *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992).
[2]  11 *Del. C.* § 4334(c).

presided over Sands' escape case since 2014—repeatedly articulated, in open court and via written communication with Sands, a desire to address Sands' mental health issues first and foremost. Under the circumstances, the sentence was authorized by law, was neither arbitrary nor excessive, and does not reflect any evidence of a closed mind by the Superior Court.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

5