IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEREMIAH SMITH, | § | |
| | § | |
| Defendant Below, | § | No. 27, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1809003375 (K) |
| | § | 1704002420 (K) |
| Plaintiff Below, | § | 1205013765 (K) |
| Appellee. | § | |

Submitted: March 21, 2019
Decided: May 2, 2019

Before **STRINE**, Chief Justice; **SEITZ**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Jeremiah Smith, appeals from the Superior Court's order denying his motion for review of a sentence imposed after the court found him in violation of probation ("VOP").  The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Smith's opening brief that the appeal is without merit.  We affirm the Superior Court's judgment.

(2)     The record reflects that in November 2012 Smith was convicted of second-degree robbery and sentenced to five years of Level V incarceration,

suspended after one year for probation. He was found in violation of probation in the robbery case in December 2014, October 2015, and September 2017.

(3) In June 2017, Smith was convicted of criminal mischief and sentenced to one year of Level V incarceration, suspended for probation. Smith was found in violation of probation in the criminal mischief case in August 2017.

(4) In September 2018, Smith was arrested and charged with drug dealing and related offenses. On September 20, 2018, he pleaded guilty to a single count of drug dealing. After a VOP hearing on the same date, Smith was found in violation of probation in the criminal mischief case and sentenced to one year of Level V incarceration, suspended immediately, with no probation to follow. This was his second VOP in the criminal mischief case. The record reflects that his defense counsel informed Smith that, if he wanted to appeal from the decision that he violated his probation or the sentence imposed, he was required to do so within thirty days of September 30, 2018, and that his defense counsel would not file an appeal on his behalf. Smith did not appeal.

(5) On October 10, 2018, a VOP report was filed in the robbery case; the report alleged that Smith was in violation of probation because he had incurred the new drug-related charges and failed to comply with other conditions of his probation. After a hearing on November 9, 2018, the Superior Court found Smith in violation of probation in the robbery case and sentenced him to four years of Level

2

V incarceration, suspended after six months for probation, for restitution purposes only. This was his fourth VOP in the robbery case. The record reflects that his defense counsel informed Smith that, if he wanted to appeal from the decision that he violated his probation or the sentence imposed, he was required to do so within thirty days of November 9, 2018, and that his defense counsel would not file an appeal on his behalf. Smith did not file an appeal.

(6)    Instead, on December 13, 2018, Smith filed a motion for review of sentence; he filed the motion in the robbery case, the criminal mischief case, and the drug-dealing case. He argued that (i) the procedure by which he was found to have violated probation in the robbery case violated Superior Court Criminal Rule 32.1 because the State unreasonably delayed bringing him before the court on the VOP;[1] (ii) the VOP in the robbery case should have been heard at the same time as the VOP in the criminal mischief case; and (iii) his "constitutional right to bail" was violated because he was not given the opportunity to post bail on the VOP in the robbery case. The Superior Court denied Smith's motion on the grounds that the sentence was appropriate for the reasons stated at the time of sentencing and Smith had not

---

[1] *See* DEL. SUPER. CT. CRIM. R. 32.1(a) (providing that "[w]henever a person is taken into or held in custody on the grounds that the person has violated a condition of partial confinement or probation, the person shall be brought without unreasonable delay before a committing magistrate or a judge of Superior Court for the purpose of fixing bail and, if not released on bail, shall be afforded a prompt hearing before a judge of Superior Court on the charge of violation").

provided any additional information that would warrant a reduction or modification of his sentence.

(7)    On appeal from the Superior Court's denial of his motion for review of sentence, Smith challenges the VOP in the robbery case on the grounds that the procedure by which he was found to have violated probation violated his due process rights and Superior Court Criminal Rule 32.1.  After careful consideration, we find no merit to Smith's appeal.  On appeal, our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[2]  In sentencing a defendant for a VOP, the trial court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[3]

(8)    In the robbery case VOP, the Superior Court found Smith in violation of probation and sentenced him to four years of Level V incarceration, suspended after six months for probation, for restitution purposes only.  Smith has not argued that this sentence exceeded the balance of the Level V time remaining to be served on his sentence in the robbery case.  Indeed, Smith does not challenge his sentence at all.  Rather, the thrust of his argument is that he should not have been convicted of a VOP in the robbery case, because the State brought the VOP charge in that case

---

[2] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[3] 11 *Del. C.* § 4334(c).

too late and separately from the VOP in the criminal mischief case. That argument goes to the merit of the VOP conviction, rather than the sentence. Smith's attempt to challenge his VOP conviction is untimely.[4] He may not use this appeal, from the denial of a motion for review of sentence, to collaterally attack the merit of his VOP conviction.[5] To the extent Smith wanted to challenge the process by which he was found in violation of probation, he should have filed a direct appeal from the VOP order.[6]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *Fisher v. State*, 2003 WL 1443050, at *2 (Del. Mar. 19, 2003).

[5] *Id.*

[6] *See Strawley v. State*, 2002 WL 86687, at *2 (Del. Jan. 15, 2002) ("Strawley's attempt to challenge his underlying probation violation, which was imposed in March 2000 is untimely. Strawley had an opportunity to appeal from the Superior Court's VOP adjudication and sentence but failed to do so. A motion seeking a correction of sentence is not an appropriate means to challenge alleged errors that occurred at proceedings prior to the imposition of sentence. This Court will not consider Strawley's untimely claim.").