IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVON S. MUMFORD, | § | |
| | § | |
| Defendant Below, | § | No. 89, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1104020644 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 21, 2019
Decided: May 6, 2019

Before **STRINE**, Chief Justice; **SEITZ**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Devon Mumford, appeals from the Superior Court's order sentencing him for his fifth violation of probation ("VOP"). The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Mumford's opening brief that the appeal is without merit. We affirm the Superior Court's judgment.

(2) The record reflects that in November 2011 Mumford pleaded guilty to Attempted Robbery in the First Degree, Assault in the Second Degree, and two counts of Burglary in the Third Degree. The Superior Court sentenced him to a total

period of thirty-nine years of Level V incarceration, to be suspended after three years for six months of Level IV work release followed by one year of probation. He was found in violation of probation in 2014, 2015, 2016, and 2017. In 2017, after finding Mumford in violation of probation for the fourth time, the Superior Court sentenced Mumford to nineteen years and five months of Level V incarceration, to be suspended after serving two years in prison for six months at Level IV work release, followed by one year of Level III probation. Mumford appealed, and this Court affirmed.[1]

(3) Mumford arrived at Morris Community Corrections Center ("MCCC") in November 2018 to serve his Level IV work release sentence. In January 2019, Mumford was found to have nine hours of time during which he could not account for his whereabouts, because he was "let go" from his job before 10:00 in the morning, but did not return to MCCC until approximately 7:00 in the evening. A few days later, he was found to be in possession of synthetic marijuana. The Superior Court found Mumford in violation of probation based on those two infractions and sentenced him to sixteen years and 11 months of Level V incarceration, to be suspended after serving one year in prison for one year of Level IV work release, followed by one year of Level III probation. The sentencing order

---

[1] *Mumford v. State*, 2017 WL 3048562 (Del. July 18, 2017).

also provides that Mumford shall be evaluated for substance abuse and follow any recommendations for counseling, testing, or treatment that are deemed appropriate.

(4) On appeal, Mumford does not assert that the Superior Court erred by finding that he violated his probation. Rather, he argues that he should have received a different sentence. He contends that he has a drug-abuse problem and that his sentence should have included enrollment in the Crest drug-treatment program. Specifically, he argues that his Level V time should be suspended upon the completion of the Crest program for Level IV work release.

(5) The Court's review of a sentence generally is limited to determining whether the sentence is within legal limits.[2] Once the State has proven by a preponderance of the evidence that a VOP has occurred, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[3] The inclusion of drug treatment as a condition of a defendant's sentence is a matter that is squarely within the sentencing judge's discretion.[4] Mumford does not argue that the sentence imposed was not within legal limits, nor does he provide any basis for us to conclude that the Superior Court abused its discretion by not sentencing Mumford to

---

[2] *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992).
[3] 11 *Del. C.* § 4334(c).
[4] *Cook v. State*, 2019 WL 949372 (Del. Feb. 25, 2019); *Loper v. State*, 2003 WL 21434899 (Del. June 18, 2003).

participation in a particular program, Crest, but instead requiring substance abuse evaluation and the recommended treatment arising from the evaluation.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice