IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILMER JENKINS, | § | |
| | § | |
| Defendant Below, | § | No. 267, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0701012400 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 26, 2019
Decided: October 4, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of and for the reasons stated in the Superior Court's order, dated May 29, 2019, denying the appellant's motion for correction of illegal sentence. A judge's departure from the SENTAC guidelines does not make a sentence illegal under Superior Court Criminal Rule 35(a).[1] The appellant's reliance on *North Carolina v. Pearce* is misplaced because his sentence after his retrial was

---

[1] *Allgauer v. State*, 2014 WL 1017507, *1 (Del. Mar. 13, 2014) (citing *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992)).

not more severe than his sentence after his first trial.[2]  The Court declines to address the appellant's request for reduction of his sentence because he did not raise that request or the grounds for that request in the Superior Court.[3]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] 395 U.S. 711, 725-26 (1969) (holding that trial judge who imposes more severe sentence upon a defendant after a retrial must affirmatively state on the record the reasons for doing so to ensure the absence of a vindictive motivation for imposing a more severe sentence).  After his first trial, the Superior Court sentenced the appellant to twenty-five years of Level V incarceration suspended after twenty years.  After his retrial, the Superior Court sentenced the appellant to twenty-five years of Level V incarceration suspended after sixteen years.

[3] Supr. Ct. R. 8.