IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANTONIO D. PERRY, § 
§ No. 116, 2020
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1502011219 (K)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: April 15, 2020
Decided: June 9, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Antonio D. Perry, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Perry's opening brief that his appeal is without merit. We agree and affirm.

(2) In 2016, Perry pleaded guilty to a drug offense and was sentenced to fifteen years of Level V incarceration, suspended for Level III probation. In January 2017, the Superior Court found Perry in violation of probation ("VOP") and resentenced him to fifteen years of Level V imprisonment, suspended for one year

of the Level IV Crest Program and one year of Crest Aftercare at Level III. In October 2018, the Superior Court found Perry in violation of probation after he absconded from the Level IV work release facility in August 2017 and remained at large for over a year. For the second VOP, the court resentenced him to fourteen years of incarceration, suspended after successful completion of the Level V Key Program for ninety days of Level IV work release, followed by one year of Level III Crest Aftercare. Perry appealed from the second VOP, and this Court affirmed.[1]

(3) Perry was transferred to the Level IV facility, the Morris Community Corrections Center ("MCCC"), on December 2, 2019. On January 27, 2020, a VOP report was filed, alleging that Perry had violated probation by (i) possessing or consuming illegal drugs or alcohol, as evidenced by the results of a urinalysis conducted on December 26, 2019, which tested positive for synthetic marijuana, and (ii) refusing to report for work detail in the MCCC kitchen on January 19, 2020.

(4) On February 24, 2020, the Superior Court held a VOP hearing and found Perry in violation of probation. The court sentenced Perry to thirteen years and seven months of Level V incarceration, suspended after nine months and completion of appropriate programming, as determined at the discretion of the Department of Correction, for three months of Level IV work release, followed by one year of Level III probation.

---

[1] *Perry v. State*, 2019 WL 360106 (Del. Jan. 28, 2019).

2

(5)     Perry has appealed from his February 24, 2020 sentence.  On appeal, he argues that the Superior Court judge sentenced him with a closed mind and that his VOP sentence violates the Double Jeopardy Clause because he also received disciplinary penalties at the MCCC for his violations.

(6)     Perry's claims provide no basis for reversal.  "It is well-established that appellate review of sentences is extremely limited."[2]  Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[3]  If the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[4]  "A judge sentences with a closed mind when the sentence is based upon a preconceived bias without consideration of the nature of the offense or the character of the defendant."[5]  When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[6]

(7)     Perry's argument that the Superior Court judge sentenced him with a closed mind is without support in the record.  Perry faced a possible sentence of

---

[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[3] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[4] *Kurzmann*, 903 A.2d at 714.
[5] *Id.* (quoting *Weston v. State*, 832 A.2d 742, 746 (Del. 2003)).
[6] 11 *Del. C.* § 4334(c).

fourteen years in prison for his third VOP, but he received only nine months at Level V. There is nothing in the record that supports the conclusion that the Superior Court based Perry's sentence on a "preconceived bias, without consideration of the nature of the offense or the character of the defendant."[7]

(8) Perry's claim that his VOP sentence violates double-jeopardy principles because he was penalized by the Department of Correction for the same conduct that forms the basis of the VOP charge is also without merit. "The Department of Correction's discretionary decision to penalize a defendant for institutional infractions in order to compel a defendant's future compliance with institutional rules is not punitive in nature and thus does not implicate double jeopardy concerns."[8] To the extent that Perry asserts that he should receive credit against his Level V sentence for time served at the VOP Center before his VOP hearing, he may be entitled to seek such credit from the Superior Court.[9] The record before us, however, is insufficient for us to review that assertion.[10]

---

[7] *Kurzmann*, 903 A.2d at 714.

[8] *Barnes v. State*, 2014 WL 60963, at *1 (Del. Jan. 7, 2014) (citing *Helman v. State*, 784 A.2d 1058, 1076-77 (Del. 2001)).

[9] *Id.* (citing *Anderson v. State*, 2006 WL 3931460 (Del. Dec. 5, 2006)).

[10] *Id.*

4

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.


                              BY THE COURT:

                              */s/ Karen L. Valihura*
                              Justice