IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY P. IMLE, | § | |
| | § | No. 45, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. S1907016328 |
| STATE OF DELAWARE, | § | S1907017841 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 19, 2020
Decided: June 18, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Jeffrey P. Imle, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Imle's opening brief that his appeal is without merit. We agree and affirm.

(2)    In August 2019, Imle pleaded guilty to several theft charges, second-degree conspiracy, and drug possession. The Superior Court sentenced Imle to imprisonment for a total of eight years and six months, with credit for twenty-three days served, suspended for one year of Level III probation.

(3)     At a hearing on January 7, 2020, the Superior Court found Imle in violation of his probation.  The court sentenced Imle to a total of eight years and five months of imprisonment, suspended upon the successful completion of the Level V Key program, for one year of Level III Aftercare probation.  Imle has appealed.

(4)     On appeal, Imle does not challenge the Superior Court's finding that he violated probation.  Instead, he challenges only the sentence imposed.  Supported by an incomplete document that shows a sentencing recommendation for Level IV Crest, he asserts that his probation officer initially recommended placement at Level IV Crest, not Level V, and that the officer changed the recommendation based on an incorrect belief that Imle was scheduled for a future court appearance in Pennsylvania.  He argues that the Superior Court erred by imposing a sentence that exceeded the probation officer's initial recommendation.

(5)     Imle's claim lacks merit.  "It is well-established that appellate review of sentences is extremely limited."[1]  Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[2]  If the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[3]  When

---

[1] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[2] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[3] *Kurzmann*, 903 A.2d at 714.

sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[4]

(6) In this case, the Superior Court imposed a VOP sentence that was well within the time remaining on Imle's original sentence. Moreover, regardless of whether the probation officer recommended a Level IV or Level V sentence, the Superior Court is not bound by a probation officer's sentencing recommendation.[5] We therefore find no reversible error.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[4] 11 *Del. C.* § 4334(c).
[5] *Evans v. State*, 2014 WL 707169 (Del. Feb. 17, 2014).