# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                        )
        v.            )    I.D. No. 1412002671
                        )
ROBERT MILLER,        )
                        )
     Defendant.     )

Submitted: September 27, 2021
Decided:  October 13, 2021

Upon Defendant's Rule 35(a) Motion for Correction of Illegal Sentence,
**DENIED.**

## ORDER

Robert Miller, SBI # 00201116, Sussex Correctional Institution, P.O. Box 500, Georgetown, DE 19947, *pro se.*

Renee Hrivnak, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorneys for the State.

**WHARTON, J.**

This 13th day of October, 2021, upon consideration of Defendant Robert W. Miller's ("Miller") Rule 35(a) Motion for Correction of Illegal Sentence[1] and the record in this matter, it appears to the Court that:

1. Miller was indicted by the Grand Jury on a single count of assault in the second degree. On June 9, 2015, Miller pled guilty to that charge. In exchange, the State dropped a charge of offensive touching in the Court of Common Pleas and agreed to cap its sentencing recommendation of unsuspended incarceration at three years. On December 5, 2015, the Court sentenced Miller to eight years of incarceration pursuant to 11 *Del. C.* § 4204(k), followed by six months at Level IV pursuant to 11 *Del. C.* § 4204(l). Miller appealed his conviction to the Delaware Supreme Court. That court entered an Order affirming his conviction on May 18, 2016.[2]

2. A timely motion for postconviction relief pursuant to Superior Court Criminal Rule 61, Miller's first, was filed on December 14, 2015, before his direct appeal was decided.[3] The motion raised a single issue of ineffective assistance of counsel and did not request appointment of counsel. The Court denied that motion on October 18, 2016.[4] Miller's appeal of that decision was untimely.[5]

---

[1] D.I. 44.
[2] *Miller v. State,* 2016 WL 3410306 (Del. 2016).
[3] Mot. for Postconviction Relief, D.I. 16.
[4] *State v. Miller*, 2016 WL 6094170 (Del. Super. Ct. Oct. 18, 2016).
[5] D.I. 31.

3. Miller filed a second motion for postconviction relief on September 25, 2017.[6] In it, he incorrectly represented that the basis of his conviction was the finding of a judge in a non-jury trial, when, in fact, Miller entered a guilty plea.[7] Again he raised a single claim for relief – that there was newly discovered evidence that the victim's wounds were old, occurring in 2009 -2010, and that she was seen for these injuries at the Wilmington Hospital.[8] The Court summarily dismissed that second motion on September 27, 2017.[9] It appears he did not appeal that decision.

4. He followed that motion with a Petition for a Writ of *Habeas Corpus* on November 22, 2017.[10] The petition was denied on November 27, 2017.[11] That denial was affirmed on May 21, 2018.[12]

5. Miller then filed a motion to withdraw his guilty plea on August 22, 2018.[13] That motion, which the Court treated as a motion for postconviction relief, was summarily dismissed on August 27, 2018.[14]

6. In this motion under Rule 35(a), Miller raises two claims that his sentence was illegal. First, he argues that the Court failed to articulate the basis for its departure from the SENTAC guidelines when it imposed a sentence pursuant to 11

---

[6] Mot. for Postconviction Relief, D.I. 32.
[7] *Id.*, at ¶ 6.
[8] *Id.*, at 3.
[9] *State v. Miller,* 2017 WL 568362 (Del. Super. Ct. Sept. 27, 2018).
[10] Pet. for Writ *Habeas Corpus*, D.I. 35.
[11] D.I. 37.
[12] *Miller v. Akinbayo,* 2018 WL 2306059 (Del. 2018).
[13] Mot. to Withdraw Guilty Plea, D.I. 42.
[14] *State v. Miller,* 2018 WL 4095559 (Del. Super. Ct. Aug. 27, 2018).

*Del. C.* § 4204(k).[15]    Second, his additional six-month Level IV sentence illegally exceeds the maximum penalty for his crime.[16]

7.    The charge to which Miller pled guilty, assault in the second degree, is a class D felony carrying a maximum period of incarceration of eight years.[17] According to SENTAC Guidelines, the presumptive sentence for a class D violent felony is 0-2 years at Level V.  That presumptive sentence is increased to 0-8 years at Level V if the offender's prior criminal history includes two or more prior violent felonies.  According to the presentence report, Miller pled guilty to three counts of burglary in the second degree on September 8, 1987 and one count of robbery in the first degree on September 27, 1988.  Both burglary in the second degree and robbery in the first degree are violent felonies.  Thus, Miller's presumptive sentence was up to the maximum sentence of eight years at Level V.  That enhanced presumptive sentence is set out in the presentence report.

8.    Miller argues that SENTAC Statement of Policy No. 30 treats sentences under 11 *Del. C.* § 4204(k) as departures from the presumptive sentencing guidelines and, therefore, the reason for the use of § 4204(k) must be stated on the record and included in the sentencing order.  However, 11 *Del. C.* § 4204(n), from which the SENTAC policy statement presumably is drawn, merely requires "[w]henever a court imposes a sentence inconsistent with the presumptive sentence adopted by the

---

[15] Rule 35(a) Mot., D.I. 44.
[16] *Id.*
[17] 11 *Del. C.* § 612(d); 11 *Del. C.* § 4205(b)(4).

4

Sentencing Accountability Commission, such court shall set forth on the record the reason for imposing such penalty," but does not require that the sentencing order contain those reasons.[18]

9.      At sentencing, the State reviewed the presentence report in detail. Specifically, the State referenced the report's review of Miller's repetitive criminal history beginning at age 15, his history of violating probation and conditional release, his substance abuse issues going back to age 16, his prison disciplinary history, and his untruthful statement to the presentence officer that this incident was the only time he had assaulted the victim.[19] The prosecutor also discussed the victim's interview with the presentence officer as reported in the presentence report. During that interview, the victim related how for a period of about three years Miller would lock her in a room and force her to use a bucket to urinate and defecate while he was gone, how everything she earned went to him while he never worked, how he prevented her from seeing her son and her family, how he stalked her, and how she repeatedly expressed her fear that he would kill her when he was released.[20] The prosecutor contrasted the victim's statements with Miller's comments that he thought she wanted to resume a relationship with him when he was released, that he did not think he hit her that hard, and the injury was actually an old injury she never got fixed.[21]

---

[18] 11 *Del. C.* § 4204(n).
[19] Tr. Sentencing Hearing (Nov. 13, 2015), at 1-4.
[20] *Id.*, at 4-8.
[21] *Id.* at 8. The minimization of the victim's injuries was blatantly untrue. The prosecutor described the photographs [of the victim's injuries] tendered at

10.     When it sentenced Miller, the Court told Miller that it had "never read a presentence report quite like this one.  What was recounted by [the victim], if even one-tenth of that is true, means Mr. Miller is someone who cannot be free in society."[22]  The Court did not go into great detail in stating why it was imposing a sentence "inconsistent with the presumptive sentence," but the Court's comments made it very clear that it was imposing such a sentence because the terrible history of abuse the victim suffered at Miller's hands as related by her to the presentence officer and summarized by the prosecutor in her sentencing comments, meant that there was a need to protect her and society from him for as long a legally possible.  To meet this need, the Court sentenced Miller to the longest sentence the law allowed.

11.     While the reasons for the Court's sentencing departure from the presumptive sentence are not contained within the four corners of the Sentencing Order, this omission, in and of itself does not result in an illegal sentence.[23]  So long as the reason for the sentence can be determined from the entirety of the record, including the judge's comments at sentencing, the sentence will stand.[24]  The Court

sentencing this way: "…the fact that her face fell on the one side as a result of the strike...She had to have surgery to fix her eye, and she had multiple fractures as a result of that hit." *Id.,* at 5.

[22] *Id.,* at 13.

[23] *State v. Lloyd*, 2021 WL 2399813 (Del. Super. Ct. June 10, 2021) (citing *White v. State,* 243 A.3d 381, 412 (Del. 2020); *Gibson v. State*, 2020 WL 7213227 (Del. 2020); *Mayes v. State*, 604 A.2d 839 (Del. 1992); *Brochu v. State*, 2016 WL 690650 (Del. 2016).

[24] *Id.* (citing *White*; *Davenport v. State*, 2016 WL 6146171 (Del. 2016); *Brochu*).

is mindful of the requirements of § 4204(n).[25] The Court finds that, consistent with SENTAC Policy No. 30 and § 4204(n), it has provided sufficient information to allow the Delaware Supreme Court to carry out its appellate function in reviewing the sentence.[26]

12. Miller's second claim is resolved by reference to the statute. Whenever the court imposes a Level V sentence of one year or more, the court must include a period of supervision at either Level IV, III, or II of not less than six months.[27] At the discretion of the court this six-month transition sentence may "be in addition to the maximum sentence of imprisonment established by the statute."[28] Thus, Miller's Level IV sentence is not an illegal sentence.

**THEREFORE**, Miller's Rule 35(a) Motion for Correction of Illegal Sentence **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[25] See *Gibson.*
[26] *White,* n. 158.
[27] 11 *Del C.* § 4204(l).
[28] *Id.*

7