IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARMELO DIAZ, | § | |
| | § | No. 42, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. K1708014930 |
| STATE OF DELAWARE, | § | K1609018643 |
| | § | K1902014670 |
| Appellee. | § | K1709005673 |
| | § | |

Submitted: May 11, 2023
Decided: June 15, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Carmelo Diaz, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Diaz's opening brief that his appeal is without merit. We agree and affirm.

(2) On November 15, 2017, Diaz resolved charges in three cases by pleading guilty to three counts of third-degree burglary. For each count, the Superior Court sentenced Diaz, effective August 21, 2017, to imprisonment for three years, suspended for one year of Level III probation with GPS monitoring, with probation

to run concurrently. Diaz was adjudicated to be in violation of probation in these cases in 2017, 2018, and 2019.

(3) On April 3, 2019, Diaz pleaded guilty to a charge of third-offense driving under the influence. As later modified, the Superior Court sentenced Diaz, effective February 24, 2019, to two years of imprisonment, suspended after ninety days for one year of a Level III intensive outpatient treatment program. In January 2020, February 2021, and February 2022, Diaz was adjudicated to be in violation of probation.

(4) On November 18, 2022, a probation officer filed a VOP report alleging that Diaz had failed to report to probation as required on four dates in October and November 2022; that Diaz had urine screens in September and October 2022 that showed positive results for alcohol and oxycodone, which he was prohibited from possessing or consuming; and that he had been discharged from Aftercare for noncompliance. At a VOP hearing on January 6, 2023, Diaz admitted that he was in violation of the terms of his probation. As to sentencing, he stated that he struggled to maintain a job while trying to comply with probation supervision and requested that the court sentence him to time served followed by Level I probation so that he could pay his fines and restitution without further significant monitoring by probation. The Superior Court found Diaz in violation of probation and sentenced him as follows: for third-degree burglary, to three years of imprisonment, suspended

after successful completion of a program in DOC's Discretion for six months of Level IV DOC Discretion, suspended after successful completion for six months of Level IV Work Release, followed by one year of Level III probation; for third-degree burglary, to one year and eleven months, suspended for six months of Level IV Work Release, followed by one year of Level III probation; for the third-offense DUI, to one year and two months of imprisonment, suspended for one year of Level III probation; and for third-degree burglary, to two years, five months, and eight days of imprisonment, suspended for six months of Level IV Work Release, followed by one year of Level III probation.

(5)     On appeal from his January 6, 2023 VOP sentence, Diaz contends that the Superior Court abused its discretion by imposing Level III probation for "technical violations" and that he cannot comply with Level III supervision while maintaining employment and meeting his financial obligations.  We find no reversible error.  "It is well-established that appellate review of sentences is extremely limited."[1]  Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[2]  If the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial

---

[1] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[2] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

vindictiveness or bias, or a closed mind."[3]  When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[4]  Diaz does not contend that the sentence imposed exceeded the Level V time remaining on his sentence.  The Superior Court acted within its discretion when sentencing Diaz for his admitted violation of probation.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *Kurzmann*, 903 A.2d at 714.
[4] 11 *Del. C.* § 4334(c).