# IN SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        :

                            : **Defendant ID No. 2201010634**

       v.                        :

                            :

EMNER O. MORALES-GARCIA   :

                            :

       Defendant.               :

Submitted:  September 19, 2023
Decided:  October 9, 2023

*Defendant's Motion for Sentence Modification*

DENIED

## MEMORANDUM OPINION AND ORDER

Anthony A. Figliola, Jr., Esquire, Greto Law, 715 N. Tatnall Street, Wilmington, Delaware 19801, attorney for Defendant.

Julie L. Johnson, Esquire, Department of Justice, 13 The Circle, Georgetown, Delaware 19947, Attorney for the State of Delaware.

**KARSNITZ, RJ**

Plea agreements are almost always the result of compromise. My patent observation sets the predicate for the issue raised in this case. I have before me Defendant, Emner O. Morales-Garcia. Superior Court Criminal Rule 35 allows me to reduce a sentence of imprisonment on a motion made within 90 days of the imposition of the sentence.[1] Defendant filed his motion within the 90 day period.

The State charged Defendant in a 17-count indictment approved by a Grand Jury. The indictment charged, *inter alia*, two counts of Murder in the First Degree, and two counts of Possession of a Firearm During the Commission of a Felony. The short version of the alleged facts is that Defendant entered a local restaurant to steal a gold chain from a patron. A masked assailant followed Defendant into the restaurant and shot and killed two people. Defendant and the assailant then fled from the restaurant. In addition to charging Defendant, the State charged his brother, Yony Morales-Garcia, with two counts of murder and other related offenses. The State contends that Defendant's brother was the shooter. Yony Morales-Garcia awaits trial. In his Motion, Defendant asserts his brother's complicity in the murders is unproven.

Pursuant to a plea agreement Defendant entered, and I accepted, a plea of guilty to Robbery in the First Degree and Conspiracy in the Second Degree.

---

[1] Super. Ct. Crim. R. 35(b).

The State dismissed all other charges. I ordered a pre-sentence investigation. As usual, our pre-sentence officer did an outstanding job, giving me not only a recitation of the facts of the crime (as we now know them), but also Defendant's background and interview. I relied upon the report.

Defendant faced up to 27 years incarceration on the charges, including up to 25 years on the Robbery First charge. I sentenced him to 25 years at Level 5 incarceration, suspended after 9 years. In so doing I exceeded the SENTAC guidelines.[2] In his Motion, Defendant agrees I correctly stated my reasons for exceeding the SENTAC guidelines. I specifically relied upon the following:

1) Need for correctional treatment
2) Undue depreciation of the offense
3) Custody status at time of the offense (Defendant was on probation)
4) Lack of remorse
5) Lack of amenability

I also considered Defendant's past criminal record, which showed (according to Defendant's Motion) assaultive behavior. At sentencing, I observed that Defendant's record has a disturbing trend to violence.[3]

---

[2] Delaware Sentencing Accountability Commission ("SENTAC") Benchbook 2023.
[3] Sentencing Hearing, p. 41.

The argument Defendant makes here is that I improperly considered the murders in Defendant's sentencing. A review of the transcript of the sentencing shows I struggled with this issue. I questioned the State carefully on this issue. At sentencing the State presented information from the family members of those killed at the restaurant. I asked counsel for the State why I should consider that information since the State had agreed to a plea which did not include any degree of murder. I considered the very argument now made by Defendant.

Delaware law gives me broad discretion to consider in sentencing behavior "…not confined exclusively for which Defendant was convicted."[4] Defendant now claims the masked assailant was not his brother and professes no knowledge of assailant's ill intent as he and the assailant entered the restaurant. While I agree information I had and now have as to the relationship was not conclusive, I do not believe no relationship existed. Defendant admits he entered the restaurant with the intent to rob one of the victims. The masked assailant was his back up enforcer. I considered that reasonable inference in my sentencing.

I am permitted to consider all relevant information when sentencing. I can consider information that would be impermissible for purpose of determining guilt.[5] The limit upon what I can consider is false information, or information

---

[4] *Mayes v. State*, 604 A.2d 839, 843 (Del., 1992).
[5] *Mayes*, *Supra*, at 844.

lacking minimal indicium of reliability.[6] The facts that no one disputes: Defendant entered the restaurant with the intent to rob, followed closely by a masked person with guns blazing. This information is neither false nor lacks reliability. It is true information. This information, along with everything else I relied upon at sentencing supports my sentence.

A few final comments. At the sentencing, Defendant's counsel expressed he felt sandbagged coming to a sentencing on Robbery First charges but hearing information from the State about two murders. I understand his dismay, but since he is an experienced counsel, I suspect he knew what was coming.

I started this opinion with a comment about plea agreements. I see the issue raised here in several different forms. One form is where a defendant denies responsibility, pleads guilty, then argues at sentencing that he or she is not guilty. Another form is where the State agrees to a plea to a significantly lesser charge, then argues that I should sentence as if the Defendant committed the more serious crime. I dislike both tactics. The practical realities of this process require any sentencing judge to examine all the facts, personal history, criminal history, and all other relevant factors. I did that here and achieved a result with which I am satisfied and believe was a just result.

---

[6] *Id.*

Defendant's motion is **DENIED**.


_/s/ Craig A. Karsnitz_
Craig A. Karsnitz