IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM E. TATMAN, JR., §
§ No. 278, 2025
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID Nos. K2210000575
STATE OF DELAWARE, § K2203004100
§
Appellee. §

Submitted: September 18, 2025
Decided: October 31, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, William E. Tatman, Jr., filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2) On November 16, 2022, Tatman pleaded guilty to theft of a motor vehicle. The Superior Court sentenced him to two years of imprisonment, suspended for one year of Level II supervision, followed by one year of Level I supervision for restitution. The sentence order was later modified to note that no restitution was

requested. On February 1, 2023, Tatman pleaded guilty in a separate case to theft under $1500. The Superior Court sentenced him to one year of imprisonment, suspended for one year of Level II supervision, followed by one year of Level I supervision for restitution.

(3) The Superior Court sentenced Tatman for a VOP in July 2024. In May 2025, a probation officer filed a VOP report alleging that Tatman had again violated probation. The report alleged that, although Tatman was required to report to the probation office weekly, he had not reported since March 21. At a VOP hearing on May 23, 2025, the Superior Court found Tatman to be in violation of probation and imposed the following VOP sentences: for theft of a motor vehicle, one year and ten months of imprisonment, suspended for one year of Level IV supervision at DOC discretion, suspended after successful completion for one year of Level III supervision; and for theft under $1500, ten months of imprisonment, suspended for one year of Level III supervision, followed by one year of Level I supervision for restitution.

(4) On appeal to this Court, Tatman argues that his sentence was excessive for a "technical" violation of probation and that it exceeded the sentencing guidelines established by the Sentencing Accountability Commission ("SENTAC"). "It is well-established that appellate review of sentences is extremely limited."[1] Our

---

[1] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[2]  If the sentence falls within the statutory limits, we consider only whether it is based on factual predicates that are false, impermissible, or lack minimal reliability; judicial vindictiveness or bias; or a closed mind.[3]  When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[4]

(5)  Tatman does not contend that he did not violate probation.  Nor does he assert that the Superior Court imposed more Level V time than remained on his original sentences.  The SENTAC guidelines are nonbinding and do not provide a basis for appeal if the sentence falls within the statutory limits.[5]  Tatman has not established any basis to conclude that his VOP sentences exceeded the Level V time remaining on his original sentences or are otherwise subject to reversal.

---

[2] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[3] *Kurzmann*, 903 A.2d at 714.
[4] 11 *Del. C.* § 4334(c).
[5] *Piper v. State*, 2024 WL 1574469, at *2 (Del. Apr. 10, 2024) (citing *Mayes*, 604 A.2d at 845).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice